UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA R. WILLIAMSON,  )  <br>          Plaintiff,   )  <br>                      )  <br>     vs.            )  <br>                      )  <br> PROGRESSIVE NORTHERN INSURANCE  )  <br> CO.,                 )  <br>          Defendant.    ) | 1:07-cv-0263-JMS-SEB |

### ENTRY ON DEFENDANT'S MOTION TO BIFURCATE TRIAL

This matter is before the Court on Defendant Progressive Northern Insurance Company's ("Progressive") Motion to Bifurcate Trial. The matter is fully briefed, and being duly advised, the Court hereby **DENIES** the motion for the reasons set forth below.

Plaintiff Pamela Williamson filed her complaint for breach of contract and bad faith against Progressive on February 1, 2007. In Count I, Williamson alleges Progressive's refusal to pay for her alleged damages constitutes a violation of the terms and conditions of the insurance policy, causing her to incur further damages for which Progressive should be held liable. Count II of her complaint alleges that Progressive breached its duty of good faith and fair dealing with respect to its handling and denial of coverage of her claim. Williamson seeks an award of punitive damages for Progressive's alleged acts of bad faith.

Progressive seeks to bifurcate this matter into two separate trials for Counts I and II. It states that the facts and evidence necessary to adjudicate each Count are distinct and separate. Progressive further claims that allowing the jury to hear evidence with respect to Progressive's alleged bad faith while at the same time determining whether Progressive is liable under the terms and conditions of the insurance contract is highly prejudicial to Progressive. Williamson

counters that in fact the breach of contract and bad faith claims are intertwined and the overlap of evidence will be substantial. She also argues that Progressive has failed to demonstrate any prejudice it may suffer if the claims are tried together.

Under Rule 42(b) of the Federal Rules of Civil Procedure, a district court may order a separate trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Fed.R.Civ.P. 42(b).*

As noted by Williamson, Progressive simply states that the facts and evidence necessary to adjudicate each Count are distinct and separate without much in the way of explanation or support. In contrast, Williamson provides a concrete example in her response that demonstrates the overlap of evidence that is likely to occur in this case. (Response, pg. 3). Further, she cites several cases which recognize that in these types of cases, the coverage and bad faith issues often overlap and are inextricably intertwined. *See, e.g., McLaughlin v. State Farm Mutual Automobile Insurance Company,* 30 F.3d 861, 871 (7th Cir. 1994); *State Farm Mutual Automobile Insurance Company v. Gutierrez*, 866 N.E.2d 747, 751 (Ind. 2007); and *Trinity Homes, LLC v. Regent Insurance Company,* 2006 WL 753125, at *2 (S.D. Ind. 2006). Progressive has made no showing that this matter is any different, and they carry the burden of persuading the court that bifurcation is appropriate. Additionally, given the overlap of evidence, the Court finds that separate trials for each Count would not be "conducive to expedition and economy."

Progressive argues that "allowing a jury to hear evidence to support an award of punitive damages, in addition to the evidence necessary to support an award of compensatory damages arising out of the alleged breach of contract, while requiring it also to distinguish between differing burdens of proof, would be confusing to the jury, and would be prejudicial to

Progressive." (Def. Brief, pg. 3-4). Progressive speculates the jury may overlook the contractual issues and form a bias against Progressive upon hearing the evidence of bad faith. However, mere speculation that Progressive might be prejudiced by certain testimony is an inadequate basis upon which the Court should grant a separate trial. *See, e.g., State Farm,* 866 N.E.2d at 750, citing *Elkhart Cmty. Sch. v. Yoder,* 696 N.E.2d 409, 414 (Ind.Ct.App. 1988). While there may be some risk of prejudice, the Court finds that risk to be slight. Certainly, Progressive has failed to persuade the Court to the contrary.

In addition, it is not uncommon for a jury to hear a case involving both punitive and compensatory damages. The jury will be instructed as to the differing burdens of proof, and both parties may tender instructions explaining the different burdens. As stated in *McLaughlin*, "[s]ince the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damages claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *McLaughlin* at 871. The Court is confident in jurors' ability to understand and decide the issues when given the appropriate instructions.

Therefore, given the overlap between the evidence relating to the two claims and the lack of demonstrable prejudice to Progressive, the Court now **DENIES** Progressive's Motion to Bifurcate Trial.

**SO ORDERED.**

07/26/2007

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mark A. Metzger
DUE DOYLE FANNING & METZGER
mmetzger@duedoyle.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com